UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| ZACHARIAH BLANTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-00092-JPH-DLP |
| | ) | |
| DAWN AMMERMAN, | ) | |
| CHARLES DUGAN, | ) | |
| RANDAL PURCELL, | ) | |
| TAMMY MARK, | ) | |
| JOSH COLLINS, | ) | |
| D. DONALDSON, | ) | |
| RICHARD BROWN, | ) | |
| JERRY SNYDER, | ) | |
| JERRICHA MEEKS, | ) | |
| JULIE SNIDER, | ) | |
| STEVE DONALDSON, | ) | |
| ROBERT CARTER, | ) | |
| JACK HENDRIX, | ) | |
| MATT LEOHR, | ) | |
| ANDREA MASON, | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY SCREENING AMENDED COMPLAINT AND DISMISSING INSUFFICIENT CLAIMS**

Plaintiff Zachariah Blanton is an inmate at Wabash Valley Correctional Facility (WVCF). Mr. Blanton filed his amended complaint on March 25, 2020. *See* dkt. 12. Because Mr. Blanton is a "prisoner" as defined by 28 U.S.C. § 1915(A)(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his amended complaint.

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the amended complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the amended complaint states a claim,

1

the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the amended] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## II. The Amended Complaint

The amended complaint concerns Mr. Blanton's solitary confinement at WVCF from approximately March 6, 2010, to approximately March 16, 2018. Dkt. 12. Mr. Blanton brings claims for damages under 42 U.S.C. § 1983 against fifteen current and former Indiana Department of Correction (IDOC) employees who worked either at WVCF or at the IDOC Central Office during that time. The amended complaint also asserts claims against fifteen "John Doe" defendants employed as case workers, case managers, or unit managers at WVCF from 2010-2018. *Id.*

The amended complaint alleges that during the eight-year period that Mr. Blanton was held in solitary confinement, his placement in solitary was not meaningfully reviewed. *Id.* at 1. Mr. Blanton alleges that his requests for full reviews did not occur. *Id.* at 11. Mr. Blanton alleges that "[t]o the extent any reviews were done, these were merely pretextual and boilerplate, and violated Due Process." *Id.* at 1. Mr. Blanton alleges that when periodic reviews occurred, they did not involve any consideration of his behavior, the amount of time he had been in solitary confinement, or any other information relevant to the need for continued solitary confinement. *Id.* at 11. Mr. Blanton alleges that the reviews received "were merely rubberstamped without any real consideration of whether continued solitary confinement was necessary." *Id.* at 12.

Mr. Blanton further alleges that each of the defendants was directly responsible for his prolonged solitary confinement because he or she denied Mr. Blanton meaningful reviews, completed pro forma reviews without undertaking necessary considerations, trained subordinates to perform pro forma reviews, or failed to properly train or supervise subordinates or otherwise ensure that meaningful reviews took place. *Id.* at 9-33.

Mr. Blanton alleges that he was "subjected to prolonged continuous indefinite solitary confinement, which created a strong likelihood of physical and mental harm." *Id.* at 9. Mr. Blanton alleges that because he was in solitary confinement he was subjected to other inmates throwing urine or feces near or at him, being forced to move about on a dog leash, being denied opportunities to shower or being required to shower with cold water, being locked in the shower during the winter for several hours in extreme cold, being exposed to banging and screaming noises from other prisoners, having to spend 23 hours a day in his cell in isolation, being exposed to the light being left on in his cell 24 hours a day, among other inhumane conditions of confinement. *Id.* at 25-29. Mr. Blanton alleges he has histoplasmosis, a lung infection, that can occur due to inhaling fungal spores which can be found in bird droppings, like those he was exposed to while in solitary confinement. *Id.* at 28-29. Mr. Blanton alleges he has and continues to experience stress and anxiety, and physical ailments of respiratory problems and weight gain. *Id.*

Mr. Blanton seeks actual and compensatory damages, punitive damages, costs, and attorneys' fees. *Id.* at 34.

### III. Discussion of Claims

Mr. Blanton asserts Fourth, Eighth, and Fifth and/or Fourteenth Amendment claims against each of the defendants pursuant to 42 U.S.C. § 1983. **The claims identified in Part V[1] of the**

---

[1] *See* dkt. 12 at 34.

**amended complaint shall proceed** as submitted against Defendants Richard Brown, Jerry Snyder, Charles Dugan, Jerricha Meeks, Dawn Ammerman, Randall Purcell, Tammy Mark, Julie Snider, Joshua Collins, D. Donaldson, Steve Donaldson, Robert Carter, Jack Hendrix, Matt Leohr, and Andrea Mason.

Claims against all John Doe defendants **are dismissed for failure to state a claim upon which relief can be granted.** "[I]t is pointless to include [an] anonymous defendant [] in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted).

### IV. Conclusion and Further Proceedings

This action **shall proceed** with the claims discussed in Part III above. All claims against the John Doe defendants are **dismissed.** The **clerk is directed** to update the docket to reflect the following named defendants: (1) Warden Richard Brown, (2) Jerry Snyder, (3) Charles Dugan, (4) Jerricha Meeks, (5) Dawn Ammerman, (6) Randall Purcell, (7) Tammy Mark, (8) Julie Snider, (9) Joshua Collins, (10) D. Donaldson, (11) Steve Donaldson, (12) Robert Carter, (13) Jack Hendrix, (14) Matt Leohr, and (15) Andrea Mason.

The plaintiff has served the amended complaint and summons on the defendants, dkt. [13], and all but one defendant has appeared. Plaintiff's counsel remains responsible for effecting service on all defendants. This Entry does not affect any defendant's obligation to answer the amended complaint, his or her right to assert defenses by motion pursuant to Federal Rule of Civil Procedure 12(b), or the time to do either.

**SO ORDERED.**

Date: 5/14/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Jeffrey R. Cardella
LAW OFFICE OF JEFF CARDELLA LLC
jeffcardella@cardellalawoffice.com

Joshua Robert Lowry
INDIANA ATTORNEY GENERAL
joshua.lowry@atg.in.gov

Brandon Alan Skates
INDIANA ATTORNEY GENERAL
brandon.skates@atg.in.gov